UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| TRANSCONTINENTAL GAS PIPE | CIVIL ACTION NO. 2:18-CV-0564 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| 43.36 ACRES OF LAND, AND A STRIP OF LAND CONTAINING 1.93 ACRES MORE OR LESS, IN CAMERON PARISH, LOUISIANA, ET AL. | MAGISTRATE JUDGE KAY |

**RULING**

Currently pending before the Court is an application for a temporary restraining order filed by Plaintiff, Transcontinental Gas Pipe Line Company, LLC ("Transco").[1] [Doc. No. 3] Pursuant to its application, Transco seeks a temporary restraining order "enjoining defendants from taking any action to terminate, or interfere with, its right to possession of the property in question pending a hearing on its motion for preliminary injunction. . . ."[2] *Id.* at 5. Transco has not satisfied the following requirements for issuance of a temporary restraining order:

---

[1] The request for a temporary restraining order is contained in a motion entitled, "Motion for Partial Summary Judgment Confirming Right to Condemn and for Temporary Restraining Order and Preliminary Injunction for Possession of Property." [Doc. No. 3]

[2] Transco avers it "is in the business of transporting natural gas in interstate commerce for the purpose of supplying the public with natural gas," and that it is "the holder of a series of Certificates of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC")." [Doc. No. 1 at ¶¶ 3-4] Transco filed this suit for "the condemnation/expropriation of fee title to immovable property owned by Landowners in Cameron Parish, Louisiana. . . ." *Id.* at ¶ 5. According to Transco, over the last 42 years it has constructed various facilities, which it continues to operate, on the property at issue pursuant to a lease granted to it by Defendants' ancestors in title. [Doc. No. 3-1 at 11, 13]. After the lease expired on May 20, 2017, Transco continued to operate on a month-to-month basis by agreement with the Defendants. *Id.* at 13. Transco contends Defendants have advised Transco they will not agree to any contract to extend Transco's right to occupy the property until an agreement is reached to compensate the landowners for alleged environmental damage to the property. *Id.* at 16. Defendants have not, however, demanded Transco vacate the property. *Id.* at 13; *see also* Doc. No. 7 at 6.

1. Transco admits Defendants, to date, have not prohibited Transco from conducting operations on the property, nor demanded Transco vacate the property. [*See e.g.* Doc. No. 3-1 at 13; Doc. No. 7 at 6]. Pursuant to Fed. R. Civ. P. 65, "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition.* . . ." *Id.* at § (b)(1)(A) (emphasis added). As Transco admits Defendants have not denied it access to the property, it has not shown, through the affidavits submitted, that it will incur any loss before Defendants can be heard in opposition.

2. Transco has not complied with Fed. R. Civ. P. 65(b)(1)(B), as its attorney has not certified in writing "any efforts made to give notice and the reasons why it should not be required." *See also* Local Rule 65.1.

3. Transco has not provided a proposed order, as required by Local Rules 7.4.1 and 58.1.

In light of the above, the application for temporary restraining order is DENIED without prejudice to Transco's right to reurge its motion after curing the above deficiencies.[3]

Signed at Monroe, Louisiana, this 26th day of April, 2018.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[3]Should Transco move again for a temporary restraining order, Transco is INSTRUCTED to submit a new application, seeking solely injunctive relief, rather than a motion seeking multiple forms of relief such as the motion addressed herein. Additionally, should Transco move again for a temporary restraining order, it is further INSTRUCTED to submit a proposed order, which conforms to the requirements set forth in Fed. R. Civ. P. 65(b)(2).